PUBLIC SERVICE ELECTRIC AND GAS COMPANY, A CORPORATION, PETITIONER-RELATOR, v. THE MAYOR AND COUNCIL OF THE BOROUGH OF ALLENTOWN, A MUNICIPAL CORPORATION, RESPONDENT.

Argued January 23, 1930—Decided June 9, 1930.

Before Justices TRENCHARD, LLOYD and CASE.

For the petitioner, *Frank Bergen* (*William H. Speer*, of counsel).

For the respondent, *James S. Turp*.

PER CURIAM.

This is an application for a writ of *mandamus* either alternative or peremptory, or in the alternative for a rule to show cause why such a writ should not be issued.

The allegations of the petition and accompanying affidavits tend to show that the borough of Allentown is the owner of certain poles, wires and other equipment constituting an electric light and power system in the borough of Allentown, in the county of Monmouth; that at a meeting of the borough council held on September 3d, 1929, the council adopted a resolution in pursuance of the provisions of section 2 of article 35 of the "Home Rule act" by which it determined that it was advisable to sell the electric light and power plant and system; that council directed the borough clerk to advertise for bids for the sale of the plant to be received by the borough council on the 11th day of October, 1929, at eight P. M., and provided that each bid must be accompanied by a certified check upon a New Jersey bank or trust company for the sum of $5,000; that the borough clerk did so advertise and on the 11th day of October, 1929, the time and place fixed, the Public Service Electric and Gas Company (the relator) bid for the electric light plant in accordance with the terms of the resolution, offering to pay therefor the sum of $30,500; that after the bid was received an ordinance providing for the sale of the electric light and power plant and system to the Public Service Electric and Gas Company for the sum of $30,500, was introduced; that this ordinance was duly advertised for final passage at the meeting to be held on October 25th, 1929; that at the meeting of October 25th, 1929, after consideration, the ordinance was duly adopted, approved and duly advertised, and there-

upon the borough council called a special election in accordance with the provisions of section 3 of article 35 of the "Home Rule act" to be held on November 26th, 1929, for the purpose of voting upon the question submitted, in accordance with the provisions of the statute, to wit: "Shall the electric light plant of said borough be sold for the sum of $30,500?" that the election was duly held and the return of the board of registry of elections showed that there were four hundred and ninety-one registered voters in the borough; that there were a total of three hundred and thirty votes cast of which sixty-two were rejected, and that the question received one hundred and forty-one votes in the affirmative and one hundred and twenty-seven votes in the negative; that thereupon the Public Service Electric and Gas Company sent to the borough certified check for the balance of its bid, to wit, $25,500, and fixed December 23d, 1929, as the time and the borough hall of the borough of Allentown as the place for the consummation of the sale; that the borough council, however, refused to carry out the sale and attempted to return the checks and notified the Public Service Electric and Gas Company that it would not sell the electric light plant for the price set forth in the bid and ordinance and that it had rejected the bid; that no attempt was made to rescind the resolution determining that it was advisable that the plant be sold, either before the introduction and passage of the ordinance or since that time, and neither has any attempt been made to repeal the ordinance; that whatever action has been taken by the borough council in refusing to consummate the sale has been by motion or resolution.

At the hearing in this court on such petition and affidavits of the relator, the respondent borough appeared by counsel and resisted the grant of any relief. Since there was no agreement as to the facts, but on the contrary it was insisted that the facts were not fully stated and some of those stated were in dispute, it seems to us the proper course, as matters now stand, is to grant an alternative writ, and it is so ordered.